# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

GARETH NORTHWAY,

                  Plaintiff,

     v.

NORTHWAY VILLAGE COUNCIL and
NICOLE FRAZER,

                Defendants.

Case No. 3:25-cv-00326-SLG

## ORDER OF DISMISSAL

On November 18, 2025, self-represented prisoner Gareth Northway ("Plaintiff") filed a motion that opened this case against Northway Village Council and its employee Nicole Frazer ("Defendants").[1] Plaintiff also filed an affidavit and a letter of intention restating his intention to bring claims against Defendants for breach of contract and destruction of private property.[2] Plaintiff claims Defendants began dismantling Plaintiff's home before purchasing it and failed to repair the damage after the sale fell through. Plaintiff also claims Northway Village Council is responsible for starting a fire at its dump site that destroyed Plaintiff's adjacent land in 2020.[3] For relief, Plaintiff seeks $1,000,000.00 damages for emotional and

---

[1] Docket 1.

[2] Dockets 2-3.  The filing at Docket 3 also identifies Darrelle Kaze as a potential defendant.

[3] Docket 2.

financial distress and $250,000.00 compensatory damages for breach of contract.[4]

## I. Screening Requirement

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking to proceed without prepaying the filing fee.[5] In this screening, a district court shall dismiss the complaint at any time if the court determines that the complaint:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[6]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[7] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[8] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters

---

[4] Docket 2.

[5] 28 U.S.C. §§ 1915, 1915A.

[6] 28 U.S.C. § 1915(e)(2)(B).

[7] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).

[8] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

Case No. 3:25-cv-00326-SLG, *Northway v. Northway Village Council, et al.*
Order of Dismissal
Page 2 of 5

of judicial notice.[9] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[10]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[11] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[12]

## II. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[13] A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[14]

---

[9] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[10] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[11] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[12]*Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[13] Fed. R. Civ. P. 8(a)(2).

[14] *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

### III. Screening Review of Plaintiff's Claims

Defendant Northway Village Council is the federally recognized tribal government for the Native Village of Northway.[15] Native American tribes, including tribal villages in Alaska, are regarded as sovereign entities protected by tribal sovereign immunity from suit absent a clear waiver by the tribe or congressional abrogation.[16] However, Plaintiff's filings indicate there may have been a contract between Plaintiff and Northway; if such a contract exists, it might include a waiver of the tribe's sovereign immunity.

More importantly, Plaintiff's claims alleging a breach of contract and damage to property are state law claims that must typically proceed in state court. A state law claim may only proceed in federal court if the claim is supplemental to a cognizable federal claim, of which there is no such claim here,[17] or if the federal court has diversity jurisdiction over the case. For a federal court to exercise diversity jurisdiction, the plaintiff must be a citizen of a different state than all the defendants, which is not the case here.[18]

Finally, Plaintiff's claims appear to be time-barred by the statute of limitations because they appear to arise from events that allegedly occurred almost five years

---

[15] Northway Village Council, https://northwayvillagecouncil.org/.

[16] *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991) (citations omitted).

[17] *See* 28 U.S.C. § 1367.

[18] *See* 28 U.S.C. § 1332(a).

before he filed this case. Plaintiff's filings do not clearly indicate when the alleged property damage occurred or when the sale of his home fell through, but the events described appear to relate to when his land was allegedly damaged by a fire in 2020. If a claim is not filed within the applicable statute of limitations, dismissal is proper, including when a plaintiff is self-represented.[19] Under Alaska law, the statute of limitations for personal injury claims is two years and three years for breach of contract claims.[20]

For these reasons, this action must be dismissed. Further, the Court finds that according leave to Plaintiff to file an amended complaint in federal court in this case would be futile, as there are no additional factual allegations consistent with Plaintiff's initial filings that could cure all the deficiencies identified in this order.

IT IS THEREFORE ORDERED:

1.      This action is DISMISSED for lack of jurisdiction and for failure to state a viable claim for relief in federal court.

2.      All pending motions are DENIED as moot.

3.      The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 9th day of March, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[19] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

[20] Alaska Stat. §§ 09.10.070; 09.10.053.

Case No. 3:25-cv-00326-SLG, *Northway v. Northway Village Council, et al.*
Order of Dismissal
Page 5 of 5